# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

   v.                                    **Case No. 05-CR-228, 06-CR-163**

**DRAKENHOLD NGUYEN**
       **Defendant.**

## ORDER

Defendant Drakenhold Nguyen moves for early termination of his supervised release. For the reasons that follow, I will grant his motion.

**I.**

The government indicted defendant, in Wisconsin and Michigan, on drug trafficking and money laundering charges. The parties agreed to resolve both cases in this district pursuant to Fed. R. Crim. P. 20, and on July 18, 2006, defendant pleaded guilty to count one of the Wisconsin indictment, charging conspiracy to distribute more than 100 kilograms of marijuana, and count one of the Michigan indictment, charging conspiracy to commit money laundering. On October 13, 2006, the court sentenced defendant to 240 months in prison on each count concurrent, followed by five years of supervised release.

On November 10, 2015, the court reduced the prison sentence to 192 months pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10. Defendant also filed a collateral attack pursuant to 28 U.S.C. § 2255, which the court initially denied. However, on June 30, 2016, the Seventh Circuit instructed the district court to consider whether the judgment should be vacated pursuant to Fed. R. Civ. P. 60, after the discovery of information that had previously been

sealed.  On remand, the parties reached an agreement that the § 2255 petition be granted and the prison sentence be modified to time served followed by five years of supervised release. The parties further agreed that defendant's supervised release be transferred to the Southern District of Texas, that defendant could move for early termination of supervised release after 2.5 years, and that if early termination is in the interest of justice the government would not oppose his request.  (Case No. 10-C-1038, R. 55.)  On February 15, 2017, the court approved the parties' stipulation.[1]  (Case No. 06-CR-163, R. 44.)

On January 10, 2020, defendant filed the instant motion for early termination.  The government responded in opposition, and defendant filed a reply.  The matter is ready for decision.

**II.**

The district court may, after considering the pertinent factors under 18 U.S.C. § 3553(a), terminate supervision at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.  18 U.S.C. § 3583(e)(1).  The district court possesses wide discretion in deciding whether to grant early termination.  United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, courts considering such requests have generally required more than mere compliance before granting early termination.  E.g., United States v. Caldwell, No. 01-CR-193, 2018 U.S. Dist. LEXIS 91750, at *1 (E.D. Wis. June 1, 2018).  They have tended to grant such relief in cases where the defendant's behavior has been exceptionally good, where supervision hinders rather than fosters the defendant's rehabilitation, or where some new or unforeseen

---

[1] While defendant is supervised in Southern District of Texas, jurisdiction has not been transferred from this district to that one.

circumstance otherwise supports a reduction of the original supervision term.[2] Id. at *1-2. The defendant bears the burden of demonstrating that early termination is warranted. Id. at *2.

### III.

In his motion, defendant indicates that early termination is warranted due to his exemplary post-conviction adjustment and conduct, and is in the interest of justice. (Case No. 05-CR-228, R. 118 at 1.) He indicates that shortly after his release he obtained employment with a company, then supplemented his income working for ride share companies. He is now planning to learn business through online courses and open a beauty supplies business with his sister. He further indicates that he has complied with all of his conditions, including random drug screens, and committed no new offenses. Finally, he indicates that due to his compliance he has been placed on the low threat caseload since January 2018, and that his supervising officer indicates that he would not oppose early termination if defendant continues complying. He concludes that early termination would mark the end of this chapter of his life and would signal to friends, family, and potential business associates that he has established a responsible, productive lifestyle. (R. 118 at 2.)

In its response, the government indicates that it is to defendant's credit that he has abided by his conditions, maintained employment, complied with drug testing, and not committed new crimes. However, these things do not make his case exceptional, warranting early termination. (Case No. 05-CR-228, R. 120 at 2-3.)

In reply, defendant indicates that he was led to believe, at the February 15, 2017,

---

[2]"This is not to say that the defendant must always demonstrate exceptional circumstances in order to gain early termination. The attached text is descriptive of the manner in which courts have exercised their discretion in considering such motions." United States v. Edmonds, No. 05-CR-41, 2018 U.S. Dist. LEXIS 78092, at *3 n.1 (E.D. Wis. May 9, 2018).

3

hearing, that if he complied with his supervised release conditions then he could ask for early termination and the government would not oppose his request. (Case No. 05-CR-228, R. 121 at 1.) He was not advised that "exceptional" circumstances would be required. (R. 121 at 2.)

As indicated above, the statute does not by its terms require a defendant demonstrate exceptional circumstances. Rather, this is one way, courts have concluded, a defendant can show that his conduct and the interest of justice warrant early termination. Ultimately, the court must consider all of the facts of the case, including the defendant's conduct on supervision, the need for further supervision to protect the public and deter criminal activity, and the nature and extent of the defendant's ongoing correctional treatment needs. See 18 U.S.C. § 3553(a); U.S.S.G. § 5D1.2 cmt. n.5.

Considering the record here, I find termination warranted. Defendant has been on supervision for nearly 3-½ years, without incident. While the court expects those on supervision to work and follow the rules, defendant's plans to further his education and open a business exceed the norm. Further, I see no evidence that defendant is a threat to the public; while he has prior convictions for financial offenses, he has no history of violence. He is now nearly 53 years old, an age when recidivism rates tend to decline. See U.S. Sentencing Commission, The Effects of Aging on Recidivism Among Federal Offenders, at 23 (Dec. 2017). Finally, he appears to have no ongoing correctional treatment needs requiring further supervision.[3]

---

[3] The PSR reported some history of drug use and excessive alcohol use. (R. 62 at 12, citing PSR ¶¶ 109-12.) That defendant has apparently overcome his substance abuse issues supports his request for termination. See U.S.S.G. § 5D1.2 cmt. n.5 ("The court has authority to terminate or extend a term of supervised release. See 18 U.S.C. § 3583(e)(1), (2). The court is encouraged to exercise this authority in appropriate cases. The prospect of exercising this authority is a factor the court may wish to consider in determining the length of a term of

4

**IV.**

**THEREFORE, IT IS ORDERED** that defendant's motion (Case No. 05-CR-228, R. 118; Case No. 06-CR-163, R. 47) is granted, and his supervised release is terminated effective immediately.

Dated at Milwaukee, Wisconsin, this 23rd day of July, 2020.

s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

supervised release. For example, the court may wish to consider early termination of supervised release if the defendant is an abuser of narcotics, other controlled substances, or alcohol who, while on supervised release, successfully completes a treatment program, thereby reducing the risk to the public from further crimes of the defendant.").